UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAGDALINA KALINCHEVA,<br><br>        Plaintiff,<br><br>    v.<br><br>JESSE NEUBARTH,<br><br>        Defendant. | No.  2: 13-cv-1676 MCE CKD PS<br><br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is proceeding in this action pro se.  Plaintiff has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis.  This proceeding was referred to this court by Local Rule 302(c)(21).

Plaintiff has submitted the affidavit required by § 1915(a) showing that plaintiff is unable to prepay fees and costs or give security for them.  Accordingly, the request to proceed in forma pauperis will be granted.  28 U.S.C. § 1915(a).

The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

1  Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an
2  indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,
3  490 U.S. at 327.
4  In order to avoid dismissal for failure to state a claim a complaint must contain more than
5  "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause
6  of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words,
7  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
8  statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Furthermore, a claim
9  upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A
10 claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw
11 the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct.
12 at 1949. When considering whether a complaint states a claim upon which relief can be granted,
13 the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007),
14 and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416
15 U.S. 232, 236 (1974).
16 Plaintiff's complaint does not does set forth a short and plain statement as required by
17 Federal Rule of Civil Procedure 8. It is apparent, however, that plaintiff challenges orders issued
18 by a state court judge relating to a divorce. A federal district court does not have jurisdiction to
19 review errors in state court decisions in civil cases. Dist. of Columbia Court of Appeals v.
20 Feldman, 460 U.S. 462, 476 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415 (1923).
21 "The district court lacks subject matter jurisdiction either to conduct a direct review of a state
22 court judgment or to scrutinize the state court's application of various rules and procedures
23 pertaining to the state case." Samuel v. Michaud, 980 F. Supp. 1381, 1411-12 (D. Idaho 1996),
24 aff'd, 129 F.3d 127 (9th Cir. 1997). See also Branson v. Nott, 62 F.3d 287, 291-92 (9th Cir.1995)
25 (finding no subject matter jurisdiction over section 1983 claim seeking, inter alia, implicit
26 reversal of state trial court action); MacKay v. Pfeil, 827 F.2d 540, 544-45 (9th Cir. 1987)
27 (attacking state court judgment because substantive defense improper under Rooker-Feldman).
28 That the federal district court action alleges the state court's action was unconstitutional does not

1 change the rule. Feldman, 460 U.S. at 486. Moreover, claims raised in federal district court need
2 not have been argued in the state judicial proceedings to be barred by the Rooker-Feldman
3 doctrine. Id. at 483-84 & n.16. If federal claims are "inextricably intertwined" with a state court
4 judgment, the federal court may not hear them. Id. "[T]he federal claim is 'inextricably
5 intertwined' with the state court judgment if the federal claim succeeds only to the extent that the
6 state court wrongly decided the issues before it." Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 25
7 (1987) (Marshall, J., concurring). In sum, "a state court's application of its rules and procedures
8 is unreviewable by a federal district court. The federal district court only has jurisdiction to hear
9 general challenges to state rules or claims that are based on the investigation of a new case arising
10 upon new facts." Samuel, 980 F. Supp. at 1412-13.

11     Plaintiff alleges improprieties related to divorce proceedings. Plaintiff does not raise a
12 general federal challenge to state law. See Branson, 62 F. 3d at 292. Stripped to its essence, this
13 action is one for federal court review of state court proceedings. The court finds the instant action
14 amounts to an attempt to litigate in federal court matters that are inextricably intertwined with
15 state court decisions. Accordingly, the court will recommend this action be dismissed for lack of
16 subject matter jurisdiction under Rooker-Feldman.[1]

17     Accordingly, IT IS HEREBY ORDERED that Plaintiff's request to proceed in forma
18 pauperis (ECF No. 4) is granted; and
19 /////
20 /////
21 /////
22

---

[1] The domestic relations exception to federal jurisdiction bolsters the conclusion that subject matter jurisdiction in this case is inappropriate. The domestic relations exception "divests the federal courts of power to issue divorce, alimony and child custody decrees." Ankenbrandt v. Richards, 504 U.S. 689, 703 (1992) (explaining domestic relations exception to diversity jurisdiction). "Even when a federal question is presented, federal courts decline to hear disputes which would deeply involve them in adjudicating domestic matters." Thompson v. Thompson, 798 F.2d 1547, 1558 (9th Cir. 1986), aff'd, 484 U.S. 174 (1988); see also Tree Top v. Smith, 577 F.2d 519 (9th Cir. 1978) (declining to exercise jurisdiction over habeas petition seeking custody of child who had been adopted by others). In this circuit, federal courts refuse jurisdiction if the primary issue concerns child custody issues or the status of parent and child or husband and wife. See Coats v. Woods, 819 F.2d 236 (9th Cir. 1987); Csibi v. Fustos, 670 F.2d 134, 136-37 (9th Cir. 1982).

1    IT IS HEREBY RECOMMENDED that this action be dismissed for lack of subject matter jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  August 16, 2013

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4 kalincheva1676.ifp.nosmj